**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JEREMIAH JOHNSON,

        Petitioner,

                                               CASE NO. 2:07-CV-12265
v.                                        HON. VICTORIA A. ROBERTS
                                          UNITED STATES DISTRICT JUDGE

LINDA METRISH,

        Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS**
**CORPUS AS MOOT AND DECLINING TO ISSUE A CERTIFICATE OF**
**APPEALABILITY**

Jeremiah Johnson, (Petitioner), filed a petition for a writ of habeas corpus on or

about May 24, 2007, pursuant to 28 U.S.C. § 2254.  At the time he instituted this action,

Petitioner was incarcerated at the Kinross Correctional Facility in Kincheloe, Michigan.

In his *pro se* petition, Petitioner challenges his sentence for operating under the influence

of liquor, third offense, M.C.L.A. 257.625.  Petitioner also claims that the sentencing

judge ordered him to reimburse the county for the cost of his court-appointed attorney,

without determining his ability to pay.  Petitioner was released from custody on October

16, 2009, after being discharged by the Michigan Department of Corrections [M.D.O.C.]

for having completed his sentence. [1]   For the reasons that follow, the petition for writ of

---

[1]   The M.D.O.C.'s Offender Tracking Information System (OTIS), which this Court is permitted to take
judicial notice of, *See See Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 821, n. 3 (E.D. Mich. 2004), indicates that
Petitioner was discharged from his prison sentence on October 16, 2009.

habeas corpus is DENIED AS MOOT.

## I.  Background

Petitioner was sentenced to forty to sixty months in prison on April 6, 2005, after pleading guilty to violating the terms of probation on his sentence for operating under the influence of liquor, third offense.  As part of his sentence, Petitioner was ordered to reimburse the county for the cost of his court-appointed attorney.

After exhausting his state court remedies, Petitioner sought habeas relief, claiming that the trial court improperly departed above the sentencing guidelines range and that the trial court reversibly erred by imposing the payment of attorney fees at sentencing without addressing Petitioner's ability to pay.

On October 16, 2009, Petitioner was discharged from custody with the M.D.O.C. after completion of his sentence.

## II.  Discussion

Petitioner's claims have been rendered moot by the completion of his sentence.

Article III, § 2 of the United States Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings.  This means that, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).  An incarcerated habeas petitioner's challenge to the validity of his or her conviction satisfies the case-or-controversy requirement because the incarceration constitutes a concrete injury

which can be redressed by the invalidation of the conviction. *See Spencer v. Kemna*, 523

U.S. 1, 7 (1998).  Once the convict's sentence has expired, however, some concrete and

continuing injury other than the now-ended incarceration or parole -- some "collateral

consequence" of the conviction -- must exist if the suit is to be maintained in federal court

and not considered moot. *Id.*

When a habeas petitioner challenges a conviction pursuant to which he is no

longer incarcerated, collateral consequences sufficient to the satisfy the case or

controversy requirement will generally be presumed. *See Sibron v. New York*, 392 U.S.

40, 55 (1968).  However, where a habeas petitioner chooses to attack only his or her

sentence, and not the underlying conviction, and that sentence expires during the course

of the habeas proceeding, the habeas petitioner's claim for relief is moot. *See Lane v.*

*Williams,* 455 U.S. 624, 630-31 (1982).  "Nullification of a conviction may have

important benefits for a defendant...but urging in a habeas corpus proceeding the

correction of a sentence already served is another matter." *North Carolina v. Rice,* 404

U.S. 244, 248 (1971).  When the issuance of a writ of habeas corpus would have no effect

on a petitioner's term of custody, and would impose no collateral legal consequences, the

habeas petitioner fails to present a justiciable case or controversy within the meaning of

Article III of the Federal constitution. *See Ayers v. Doth,* 58 F. Supp. 2d 1028, 1034 (D.

Minn. 1999).  "[M]ootness results when events occur during the pendency of a litigation

which render the court unable to grant the requested relief." *Carras v. Williams,* 807 F. 2d

1286, 1289 (6th Cir. 1986).  Because it strikes at the heart of federal court jurisdiction, the

mootness of a habeas petition can be raised *sua sponte* by the federal court, even if the issue is not addressed by the parties. *See Medberry v. Crosby,* 351 F. 3d 1049, 1054, n. 3 (11th Cir. 2003).

Petitioner has completed his sentence and has been discharged from custody.  He has not shown that he suffers continuing collateral consequences flowing from the discharged sentence.[2]  Absent such a showing, Petitioner's claims are rendered moot by the completion of the imprisonment term and his discharge from custody. *See Prowell v. Hemingway*, 37 Fed. Appx. 768, 769-770 (6th Cir. 2002)(federal prisoner's § 2241 petition for writ of habeas corpus which challenged his parole revocation was rendered moot by petitioner's release upon completion of his sentence, absent a showing of actual collateral consequences); *Diaz v. Kinkela*, 253 F. 3d 241, 243 (6th Cir. 2001) (habeas petition challenging incarceration imposed for bad acts committed by petitioner while incarcerated was moot where petitioner was released from prison after serving additional time and state statute was found unconstitutional); *Winegar v. Corrections Dept.,* 435 F. Supp. 285, 293 (W.D. Mich. 1977)(where sentences had already been served, claim of cruel and unusual punishment was moot). [3]

---

[2] The Court notes that claims of detriment in a future parole or sentencing proceeding, impeachment in a future criminal or civil proceeding, use against the petitioner as a defendant in a future criminal proceeding, and possible effects on filing a civil rights lawsuit under 42 U.S.C. § 1983 do not constitute sufficient proof of collateral consequences in the context of a parole revocation context. *See Spencer*, 523 U.S. at 14-16.

[3] Petitioner would not be able to bring a challenge to the trial court's allegedly improper assessment of court-appointed attorney's fees in his habeas petition, even if he were still in custody, because Petitioner's claim does not challenge his confinement. *See Fisher v. Booker*, No. 2006 WL 2420229, * 9 (E.D. Mich. August 22, 2006).  Where  a habeas petitioner is not claiming the right to be released but is challenging the imposition of a fine or other costs, he or she may not bring a petition for writ of habeas corpus. *See United States v. Watroba*, 56 F. 3d 28, 29 (6th Cir. 1995).

Because Petitioner's sentence has been completed and he has been discharged from custody, any injury that Petitioner suffered cannot be redressed by a favorable judicial decision from this Court.  Petitioner's claims have thus been rendered moot and his petition must be dismissed. *Diaz v. Kinkela,* 253 F. 3d at 243-44; *See also Fredette v. Hemingway,* 65 Fed. Appx. 929, 931 (6th Cir. 2003).

### III.  Conclusion

The Court will deny the petition for writ of habeas corpus as moot.  The Court will also deny petitioner a certificate of appealability.  28 U.S.C. § 2253 governs appeals in § 2254 proceedings.  Section 2253(c)(2) states, in pertinent part: "A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *See also Lyons v. Ohio Adult Parole Auth.*, 105 F. 3d 1063, 1073 (6th Cir. 1997).  Furthermore, Fed. R. App. P. 22(b) states: "If an appeal is taken by the applicant, the district judge who rendered the judgment shall either issue a certificate of appealability or state the reasons why such a certificate should not issue." *See also Kincade v. Sparkman*, 117 F. 3d 949, 953 (6th Cir. 1997) (holding that Rule 22(b) requires district courts to make the initial determination of appealability).  In granting a certificate of appealability, the Court must indicate the specific issue or issues for which the applicant made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(3).  "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

Petitioner is not entitled to a certificate of appealability because his request for habeas relief is now moot. *See McKinney-Bey v. Hawk-Sawyer,* 69 Fed. Appx. 113 (4th Cir. 2003).

## IV. ORDER

Accordingly, the Petition for Writ of Habeas Corpus is **DENIED AS MOOT.**

The Court further **DENIES** a certificate of appealability.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: June 3, 2010

The undersigned certifies that a copy of this document was served on the attorneys of record and Jeremiah Johnson by electronic means or U.S. Mail on June 3, 2010.

s/Carol A. Pinegar
Deputy Clerk